JUDICIAL MEMORANDUM No. 2-87

High Court of American Samoa

June 18, 1987

REES, Chief Justice, and KRUSE, Associate Justice:

172

In recent weeks the Court has been presented with three motions for new trial that were filed more than ten days after the announcement of judgment. In two cases the attorney argued that the filing of papers by the Court subsequent to the announcement of judgment extended the time during which a motion for new trial could be filed. In the third case the attorney stated that he did not receive a copy of the judgment in his court box until several days after it had been filed by the Clerk.

In all three of these cases the trial judge considered the motion for new trial on its merits over the objections of opposing counsel, since in each case counsel for the moving party had a plausible argument that the ten day period for filing the motion might have begun with some later event than the initial announcement of judgment. Obviously, these rulings are subject to review by the Appellate Division.

For guidance in future cases we call your attention to the following points and authorities:

1) Motions for new trial "shall be filed within 10 days after the announcement of judgment . . . ." A.S.C.A. 8 43.0802 (emphasis added).

2) Although a judgment is not "effective" unless it is reduced to writing (TCRCP Rule 58), it may be "pronounced" either in writing or from the bench, and "the date of the entry of the order or judgment for all purposes is the filing date of any papers or the date of the pronouncement from the bench." High Court Rule 23.

3) The common practice during the last few years has been for the judge to sign a written judgment prepared by the prevailing attorney. We are willing to sign such documents whenever attorneys think they would be useful; both of us, however, have great difficulty construing the word "announcement" in A.S.C.A. 8 43.0802 to mean any event subsequent to the initial announcement of a judgment.

In an effort to avoid the confusion that can result when the written entry of judgment bears a different date than the pronouncement from the bench, we have instructed the Clerk to file a written entry of every judgment announced from the bench. Such an entry should be made on the same day as the judgment is announced. (If in any case

173

the Clerk should fail to make such an entry, however, A.S.C.A. § 43.0802 would still seem to provide that the statutory period for filing motions for new trial begins with the announcement of judgment.)

4) Once a judgment has been "announced," subsequent events --- such as the reduction of an oral opinion to writing, the receipt by counsel of notice of the judgment, or a correction of an error or omission in the opinion or judgment --- do not extend the time for filing motions for new trial. See T.C.R.C.P. Rule 60(a), which provides that the trial judge may correct "clerical errors . . . and errors . . . arising from oversight or omission" at any time prior to the docketing of an appeal, and even afterward with the consent of a judge of the appellate division. See also Fai'ivae v. Aumavae, AP No. 2-76, holding that the trial court has no authority to accept a motion filed later than ten days after announcement of judgment --- and that the Appellate Division therefore has no jurisdiction to entertain an appeal in such a case --- regardless of any arguments, equitable or otherwise, to the contrary.[1]

5) Obviously, it is possible to imagine corrections so substantial that they would amount to the announcement of a new judgment. In such a case the Court would presumably announce that it was amending its judgment pursuant to Rule 59(d) rather than merely correcting clerical errors, omissions, or oversights pursuant to Rule 60(a). In this case the time for filing motions for new trial would begin anew. Similarly, when a judge announces at the conclusion of a trial that he will issue a written opinion, findings of fact, and/or conclusions of law at a later date rather than announce his findings and conclusions from the

---

[1]. In Fai'ivae Justice O'Connor equated "announcement" with the docketing of a judgment by the clerk. He did so in response to an argument that the ten day period might begin at some later point, such as the delivery to counsel of formal notice of the judgment. His opinion did not address the situation in which judgment is pronounced orally from the bench. In such a case, for the reasons we have stated, the statute clearly requires us to count the period from the date of the initial pronouncement rather than of the docketing or any later event.

bench, he may also wish to delay the formal announcement of judgment in order to give the attorneys the full ten days to review his written opinion prior to filing any post-trial motion.

6) An attorney who is in doubt about the date on which a motion must be filed would be well advised to ask the Court for immediate guidance rather than to assume that the period has been extended.

7) Finally, T.C.R.C.P. Rule 7(b)(1) requires that every motion "shall state with particularity the grounds therefor." This is especially important in the case of a motion for a new trial, since the purpose of requiring such a motion before an appeal is to avoid unnecessary appeals by giving the trial judge a chance to see the error of his ways. Although a motion for new trial will obviously not be as well researched as the appeal which may follow, it should put the trial judge and the opposing party on fair notice of the particular errors that will be alleged in the appeal.